**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 22-cv-02129-RMR-STV

STEFFEN TALLMAN,

      Plaintiff,

v.

MIKE WOLFE, a Douglas County Sheriff's Office Deputy, in his individual capacity,

      Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak entered on December 22, 2023, ECF No. 50, addressing Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 39. Magistrate Judge Varholak recommends that the Defendant's motion be granted. ECF No. 50.

Plaintiff timely filed an Objection to the Recommendation. ECF No. 53. Defendant filed a response. ECF No. 54. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules the Plaintiff's Objection. Accordingly, the Court adopts the Recommendation, and concludes that Defendant's motion to dismiss be GRANTED.

## I.    LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

## II.     ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Magistrate Judge Varholak recommends granting the Motion to Dismiss because Defendant is entitled to qualified immunity. Specifically, the Magistrate Judge concludes that "Defendant is entitled to qualified immunity because Plaintiff has failed to adequately allege facts sufficient to show that Defendant lacked probable cause to arrest and prosecute Plaintiff under Colo. Rev. Stat. § 18-9-111(e)(1), and the unlawfulness of effecting an arrest under this provision was not clearly established at the time of the conduct." ECF No. 50 at 26-27.

Plaintiff objects to the Recommendation for two reasons: "(1) the court improperly went beyond the four corners of the Complaint and considered Defendant's arrest affidavit, the veracity of which is heavily disputed in this case, in the light most favorable to Defendant; and (2) he incorrectly concluded that Plaintiff's text messages established probable cause for harassment." ECF No. 53 at 2. The Court considers each objection in turn.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

**A.      The Warrantless Arrest Affidavit**

The Court agrees with Magistrate Judge Varholak that the warrantless arrest affidavit (the "Affidavit") may be considered without converting the motion to dismiss to a motion for summary judgment.

Ordinarily, a "12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court and all parties are given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' " *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12(b) (further internal modifications omitted)). Notwithstanding that general rule, however, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (further quotation omitted). Furthermore, "if a plaintiff does not incorporate by reference or attach such a document to its complaint, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp.*, 130 F.3d at 1384.

Plaintiff does not dispute that the Affidavit is central to his claims, nor does he dispute the Affidavit's authenticity. Rather, Plaintiff argues that "[i]t is inappropriate to rely on the [A]ffidavit here because Plaintiff has alleged that Defendant Wolfe's [Affidavit] contains false statements and omits exculpatory evidence." ECF No. 53 at 4. But Plaintiff does not cite to any case law that would support the exclusion of the Affidavit on this

basis.[2] Accordingly, the Court may properly exercise its discretion to consider the Affidavit in ruling on the Motion to Dismiss.

Moreover, Plaintiff's objection regarding the alleged falsehoods and omissions in the Affidavit was taken into account by the Magistrate Judge. Instead of excluding the Affidavit in its entirety, Magistrate Judge Varholak employed the Tenth Circuit's method for evaluating Fourth Amendment claims where, as here, a plaintiff alleges that an affidavit contains false statements or omissions. In such cases, the Tenth Circuit has instructed that the existence of probable cause is determined by setting aside the alleged false information and examining the affidavit as if the omitted information had been included. *See Wolford v. Lasater,* 78 F.3d 484, 489 (10th Cir. 1996); *see also Puller v. Baca*, 781 F.3d 1190, 1197 (10th Cir. 2015).

Magistrate Judge Varholak recognized and applied this method in his consideration of the Affidavit. Indeed, following oral argument on the original motion to dismiss, Magistrate Judge Varholak permitted Plaintiff to amend his original Complaint so that he could specifically identify each alleged falsehood and omission in the Affidavit. ECF No. 36. Plaintiff's Amended Complaint lists the alleged falsehoods and alleged omissions contained in the Affidavit. ECF No. 37 at ¶¶ 44-45, 75-76. Notably, the Affidavit

---

[2] The cases cited by Plaintiff all affirm a court's discretion to consider documents outside the pleadings. *See* ECF No. 53 at 4 (citing *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("district court acted well within its discretion in declining to consider the documents attached to Mr. LaFaver's motion to dismiss"); *Oregon Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*, No. 19-CV-0124-WJM-SKC, 2020 WL 5500458, at *1 n.1 (D. Colo. Sept. 11, 2020) ("A court has discretion to consider documents attached to a Rule 12(b)(6) motion to dismiss if the documents are referenced in a complaint, are central to a plaintiff's claims, and are indisputably authentic."); *Barker v. Moss*, No. 21-CV-03439-PAB-NRN, 2023 WL 2503510, at *4 (D. Colo. Mar. 14, 2023) ("the Court has broad discretion in determining whether or not to accept materials beyond the pleadings.")).

contains information concerning Plaintiff's text messages communicating his purported suicide attempt and the statements Plaintiff's ex-wife and Plaintiff made to Defendant regarding those text messages and the intent behind them. But Plaintiff's Amended Complaint does not identify that information as an alleged falsehood, nor does the Amended Complaint allege that Defendant omitted any material facts related to that information.[3] Therefore, the Court does not find that it was inappropriate to rely on the Affidavit as to this specific information.

For these reasons, the Court overrules Plaintiff's objection and finds that, after setting aside allegedly false information and considering allegedly omitted information, the Affidavit may properly be considered in ruling on the Motion to Dismiss.

### B.    Arguable Probable Cause

Plaintiff also objects to the Magistrate Judge's determination that, under clearly established law, Defendant had arguable probable cause to arrest and prosecute Plaintiff for harassment under C.R.S. § 18-9-111(1)(e). Plaintiff's objection challenges the Magistrate Judge's conclusion as to the second prong of the qualified immunity analysis—whether the right was "clearly established" at the time of the defendant's challenged conduct. *See Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019).

---

[3] Plaintiff disputes that the alleged suicide attempt was false and argues that "the Court should presume Plaintiff expressed to his ex-wife a desire to end his own life in an effort to communicate he was distressed and needed help." ECF No. 53 at 5. But this is contradicted by the unchallenged information in the Affidavit wherein Defendant states "[Plaintiff] admitted he made the attempt up to try and get some sympathy and consideration from [Plaintiff's ex-wife] with regards to seeing [the child]." ECF No. 7. Plaintiff's Amended Complaint does not allege that this information in the Affidavit is false, and "factual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp.*, 130 F.3d at 1385.

In the context of a qualified immunity defense on an unlawful arrest claim, the Court must ascertain whether the Defendant violated clearly established law "by asking whether there was 'arguable probable cause' " for the challenged conduct. *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). Similarly, an officer is entitled to qualified immunity on a claim of malicious prosecution when, after accounting for allegedly false information and omitted exculpatory information, arguable probable cause nevertheless existed for the original arrest and continued confinement. *See Bledsoe v. Carreno*, 53 F.4th 589, 615 (10th Cir. 2022). "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (citing *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007)). In other words, a defendant is entitled to qualified immunity if he "*could* have reasonably believed that probable cause existed in light of well-established law." *Felders ex rel. Smedley v. Malcolm*, 755 F.3d 870, 879 (10th Cir. 2014) (emphasis in original) (quotation omitted). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008) (quoting *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)). Probable cause is not a high bar. *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018).

To determine whether arguable probable cause existed under clearly established law, the Court must look to interpretation of the Colorado criminal statutes under which

Plaintiff was arrested. *See Kaufman v. Higgs*, 697 F.3d 1297, 1300-01 (10th Cir. 2012).

The harassment statute in effect at the time of Plaintiff's arrest provided:

> A person commits harassment if, with intent to harass, annoy, or alarm another person, he or she . . . [d]irectly or indirectly initiates communication with a person . . . by . . . text message . . . in a manner intended to harass.

C.R.S. § 18-9-111(1)(e).

It is undisputed that, over a year *after* Plaintiff's arrest, the Colorado Supreme Court held that the statute was unconstitutionally overbroad in violation of the First Amendment. *See People v. Moreno*, 506 P.3d 849, 856-57 (Colo. 2022). However, "officers generally may presume that statutes are constitutional until declared otherwise." *See Mocek v. City of Albuquerque*, 813 F.3d 912, 927-28 (10th Cir. 2015). Therefore, the fact that the statute was ultimately declared unconstitutional has no bearing on the outcome here. Instead, the Court must determine whether, under clearly established law *at the time of Plaintiff's arrest*, Defendant had arguable probable cause to arrest Plaintiff. Magistrate Judge Varholak found that Defendant had arguable probable cause; Plaintiff disagrees.

The Magistrate Judge found arguable probable cause based on the information contained in the Affidavit regarding Plaintiff's text messages to his ex-wife about an alleged suicide attempt and the admissions he made to Defendant when they spoke on the day of the arrest. According to the Affidavit, Plaintiff had texted his ex-wife that he unsuccessfully attempted suicide, and that he was suicidal because she was being unreasonable with child custody issues. ECF No. 7 at 2. Plaintiff's ex-wife reported to Defendant a belief that this was "more of an attempt to coerce her into giving [Plaintiff]

more custody time [with the Child]." *Id.* at 4. When Defendant asked Plaintiff about the suicide attempt, Plaintiff "admitted he made the attempt up to try and get some sympathy and consideration from [his ex-wife] with regards to seeing [the Child]." *Id.* Magistrate Judge Varholak explicitly noted that "Plaintiff does not allege that any of this information was false, or that any exculpatory information relevant to this portion of the Affidavit was omitted." ECF No. 50 at 21. Thus, Magistrate Judge Varholak concluded:

> According to the information available to [Defendant] at the time of the arrest, Plaintiff had admittedly fabricated a suicide attempt over text in an explicit attempt to get "sympathy" and "consideration" from his ex-wife with regards to their ongoing custody dispute. These communications were accordingly understood by Plaintiff's ex-wife as an attempt to coerce her into altering the custody agreement. This type of emotional manipulation directed towards a former spouse and made for the purpose of causing alarm in order to alter a custody agreement falls neatly (let alone "arguably") into the category of communications purportedly criminalized by Colo. Rev. Stat. § 18-9-111(1)(e).

*Id.* at 22.

Plaintiff concedes that the harassment statute at issue in this case was not deemed overbroad until after Plaintiff's arrest, but argues that, based on existing precedent, a reasonably competent police officer would have known at the time of Plaintiff's arrest that Plaintiff's conduct was not criminal conduct under Colorado's harassment statute. As support for this argument, Plaintiff relies on Colorado Supreme Court precedent invalidating prior versions of the harassment statute. However, the Magistrate Judge properly considered and rejected this argument.[4] *See* ECF No. 50 at 24-26. The Court

---

[4] In his Objection, Plaintiff cites to three additional cases for the proposition that "[t]he Colorado Supreme Court has repeatedly concluded that harassing, haranguing, annoying, and alarming others is a legitimate function of speech." *See* ECF No. 53 a 6-7 (citing *People v. Hickman*, 988 P.2d 628, 636 (Colo. 1999); *People v. Smith*, 862 P.2d 939 (Colo. 1993); *People v. Norman*, 703 P.2d 1261, 1266 (Colo. 1985)). These cases do not change the Court's analysis. While these cases establish that some "harassing" or "alarming"

agrees with the Magistrate Judge's recitation of the case law and his conclusion that "[i]n light of this history, the Court cannot conclude that it would be clear to a reasonable officer that his conduct was unlawful in the situation [that Defendant] confronted." *Id.* at 25 (quotation omitted).

Accordingly, the Court finds that, on the date of Plaintiff's arrest, Defendant had arguable probable cause to arrest Plaintiff for harassment. Plaintiff does not dispute that he sent a text message to his wife stating that he had attempted suicide and was suicidal. He also does not dispute the statement in the Affidavit that he admitted to Defendant that he made up the attempt to try and get some sympathy and consideration from his ex-wife with regards to seeing his child. Given the information available to him at the time, Defendant had arguable probable cause to believe that Plaintiff sent these text messages with the intent to harass his ex-wife and therefore violated the harassment statute, which prohibits " [d]irectly or indirectly initiat[ing] communication with a person . . . by . . . text message . . . in a manner intended to harass . . . ." C.R.S. § 18-9-111(1)(e). Even if Defendant was ultimately mistaken in this belief, that does not make the belief

---

conduct may be protected, the Colorado Supreme Court did not address the type of conduct at issue here or conclude that all harassing or alarming conduct is protected. *See Hickman*, 988 P.2d at 636 (the term "act of harassment" in witness retaliation statute overbroad where it could encompass protected communications, including forecasting a storm or engaging in political discourse); *Smith*, 862 P.2d at 942-943 (statute's subsection prohibiting "offensively coarse language" made with the intent to annoy, harass, or alarm overbroad because it is not limited to obscenity or fighting words and "does not distinguish between communications made in public places and communications which intrude into areas in which the individual has a significant privacy interest, such as the home"); *Norman*, 703 P.2d at 1266-67 (subsection unconstitutionally vague where it applied to conduct or repeated acts "that alarm or seriously annoy another person and that serve no legitimate purpose"). The Court does not find that these cases would alert a reasonable officer in Defendant's position that Plaintiff's particular conduct was protected, and certainly would not have placed the question "beyond debate." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) ("Although plaintiffs can overcome a qualified-immunity defense without a favorable case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate.").

unreasonable for purposes of the qualified immunity analysis. *See Florida v. Harris,* 568 U.S. 237, 244 (2013) (noting that probable cause requires only the "kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act.'" (quoting *Illinois v. Gates*, 462 U.S. 213, 231, 238 (1983)); *A.M. v. Holmes*, 830 F.3d 1123, 1140 (10th Cir. 2016) ("[A]n officer may be mistaken about whether he possesses actual probable cause to effect an arrest, so long as the officer's mistake is reasonable—viz., so long as he possesses 'arguable probable cause.'"). Therefore, the Court overrules Plaintiff's objection and finds that Defendant is entitled to qualified immunity.

### III.   CONCLUSION

For the reasons stated herein, Plaintiff's Objection to the Recommendation, ECF No. 53, is **OVERRULED**. Accordingly, the Court **ORDERS:**

1.   The Magistrate Judge's Recommendation, ECF No. 50, is **ACCEPTED** and **ADOPTED**;

2.   The Defendant's Motion to Dismiss, ECF No. 39, is **GRANTED;** and

3.   Plaintiff's claims and this case are **DISMISSED WITH PREJUDICE**.[5]

DATED:  February 26, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

---

[5] Because the Court is dismissing Plaintiff's federal claims, the Court further declines supplemental jurisdiction over Plaintiff's state law claims. *See Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.")